United States District Court
Southern District of Texas
**ENTERED**
May 08, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-1175 |
| JOHN DOE, subscriber assigned IP address 76.31.56.32, | § § § | |
| Defendant. | § § § | |

## MEMORANDUM AND ORDER

Strike 3 Holdings, LLC produces high-end pornography distributed through DVDs and its adult websites. (Docket Entry No. 1 ¶ 3). Strike 3 alleges that the anonymous defendant is committing copyright infringement by downloading and distributing Strike 3 Holdings' copyrighted videos using the BitTorrent network. (*Id.* ¶ 4). Strike 3 used forensic software to obtain the internet protocol ("IP") address assigned to John Doe, the defendant who allegedly downloaded and distributed Strike 3 Holdings' content. (*Id.* ¶¶ 28–30). Strike 3 Holdings states that it cannot name the defendant without subpoenaing his internet service provider, Comcast Cable. (Docket Entry No. 5 at 2). Strike 3 Holdings has moved for leave to conduct early discovery in the form of a third-party subpoena on Comcast Cable requesting the identity of the individual to whom the IP address is assigned. (*Id.*).

Under Federal Rule of Civil Procedure 26(d)(1), a party may seek discovery before the parties have conferred, if permitted by court order. FED. R. CIV. P. 26(d)(1). The Fifth Circuit has not adopted a standard to determine when a party is entitled to expedited discovery, but district courts within this circuit analyze factors including: "(1) whether the plaintiff has made a prima facie case of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) whether there is a central need for the

subpoenaed information to advance the claim; and (5) the user's expectation of privacy." *Strike 3 Holdings, LLC v. Doe*, 21-cv-243, 2021 WL 2258737, at *2 (E.D. Tex. June 3, 2021); *see also Well Go USA, Inc. v. Unknown Participants in Filesharing Swarm*, No. 12-cv-963, 2012 WL 4387420, at *1 (S.D. Tex. Sept. 25, 2012). These factors favor a grant of expedited discovery in this case.

To make a prima facie claim for copyright infringement, Strike 3 Holdings must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *BWP Media USA, Inc. v. T&S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991)). Strike 3 Holdings has provided evidence that it is the exclusive rights holder of the copyrighted works at issue. (Docket Entry No. 1 ¶¶ 41–43, Docket Entry No. 1-1). The company alleges that the defendant used BitTorrent, a peer-to-peer file sharing system, to copy and distribute 44 of its movies without its consent. (Docket Entry No. 1 ¶ 4). Strike 3 Holdings has alleged the prima facie elements of a direct copyright infringement claim and could withstand a motion to dismiss for failure to state a claim.

Strike 3 Holdings has identified the John Doe Defendant with sufficient specificity using its propriety software, VXN Scan, which allows it to capture the IP addresses of BitTorrent users unlawfully downloading and distributing its movies. (Docket Entry No. 1 ¶¶ 28–29; Docket Entry No. 5-1 at 9–16 ¶¶ 40–81).[1] The IP address cannot be associated with a named individual absent a subpoena to that address holder's ISP. (Docket Entry No. 5 at 2; Docket Entry No. 5-1 at 22 ¶ 28). Strike 3 Holdings has demonstrated a need for the subpoenaed information to advance its claim, and no alternative means of obtaining that information.

---

[1] Page references to Docket Entry No. 5-1 are to the pagination in the blue CM/ECF header.

The defendant lacks a reasonable expectation of privacy in information that he or she voluntarily shared by downloading and distributing Strike 3 Holdings' movies "through a peer-to-peer network." *United States v. Weast*, 811 F.3d 743, 747–48 (5th Cir. 2016). "Moreover, there is no constitutional right—under the First Amendment or the right to privacy—to anonymously engage in copyright infringement." *Malibu Media, LLC v. Doe*, No. 17-cv-485, 2017 WL 3394611, at *2 (S.D. Tex. Aug. 8, 2017).

The factors for granting expedited discovery are met. There are, however, some concerns in granting a subpoena of this nature. First, the IP subscriber may not be the actual infringer. The infringer could, for example, be the subscriber's roommate. Second, "[a]n allegation that an individual illegally downloaded adult motion pictures likely goes to matters of a sensitive and highly personal nature, including one's sexuality." *Strike 3 Holdings, LLC v. Doe*, No. 17-cv-07051, 2018 WL 357287, at *3 (N.D. Cal. Jan. 10, 2018). These concerns can be cabined through the following procedures, which the parties must follow:

1. Strike 3 Holdings may serve a Rule 45 subpoena on Comcast Cable to obtain only the name and address of the individual associated with IP address 76.31.56.32. Strike 3 Holdings must attach a copy of this Order to the subpoena.

2. Comcast Cable will have 30 days from the date of service of the Rule 45 subpoena to serve the identified Doe defendant with copies of the subpoena and this Order. (*See* 47 U.S.C. § 551(c)(2)(B) ("A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."). Comcast Cable may serve the defendant using reasonable means, including written notice sent to the defendant's last known address by either first-class mail or overnight service.

3. Comcast Cable must confer with Strike 3 Holdings. Comcast Cable may not assess any charge in advance of providing the information requested in the subpoena. If Comcast Cable elects to charge for the costs of production, it must provide a billing summary and cost report to Strike 3 Holdings. The court will resolve any disputes between Comcast Cable and Strike 3 Holdings about the fees charged for the costs of responding to the subpoena.

4. The Doe defendant has 60 days from the date of service of the Rule 45 subpoena and this Order to file any motions with this court contesting the subpoena, as well as any request to litigate this subpoena anonymously. Comcast Cable may not provide the defendant's identifying information to Strike 3 Holdings or anyone but the court before the 60-day period has lapsed. If the defendant or Comcast Cable files a motion to quash or modify the subpoena, Comcast Cable may not turn over any information to Strike 3 Holdings until this court rules on that motion.

5. If the 60-day period expires without any motion contesting the subpoena, Comcast Cable will have 14 days to produce the subpoenaed information to Strike 3 Holdings.

6. Comcast Cable must take reasonable steps to preserve the subpoenaed information pending the resolution of any timely filed motion to quash. Comcast Cable may file a motion to raise any undue burden caused by this preservation obligation.

7. Strike 3 Holdings may use any information ultimately disclosed in response to a Rule 45 subpoena only to protect the rights it asserted in its complaint. The information disclosed is limited to use by Strike 3 Holdings in this litigation and may not be disclosed other than to counsel for the parties and the court.

The motion is granted. Strike 3 Holdings may immediately serve a Rule 45 subpoena on Comcast Cable, in accordance with the procedures set out above.

SIGNED on May 8, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge